WGB                          Doc#1765650                          6975-07013

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JAN X 9 2008
Jan 9, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ROBERT A. GREEN, Individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) Court No. |
| v. | ) 08CV194 ) JUDGE NORGLE |
| ASSURANT, INC. and TIME INSURANCE COMPANY, | ) MAG. JUDGE KEYS ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

TO:     The Honorable Judges of United States District Court
        for the Northern District of Illinois, Eastern Division

CC:     Brian J. Wanca, Esq.                Phillip A. Bock, Esq.
        Anderson + Wanca                    Diab & Bock, LLC
        3701 Algonquin Road                 134 North LaSalle Street
        Suite 760                           Suite 1000
        Rolling Meadows, IL 60008           Chicago, IL  60602

NOW COMES one of the defendants herein, TIME INSURANCE COMPANY, by and

through its attorney, William G. Beatty; Johnson & Bell, Ltd., of counsel, and giving notice of

the removal of the above-entitled cause from the Circuit Court of Cook County, Illinois, County

Department, Chancery Division, to the United States District Court for the Northern District of

Illinois, Eastern Division, pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441(b) and

1453(b) here states as follows:

1.    This action is being removed to federal court on the basis of this Court's federal question jurisdiction over claims arising under the laws of the United States, to wit:   The Telephone Consumer Protection Act, 47 U.S.C. § 227.

2.    Plaintiff, Robert A. Green, individually and as the purported representative of a class of allegedly similarly-situated persons, has heretofore filed a three-count Class Action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under case no. 07CH35282 against defendant Time Insurance Company, and a co-defendant, Assurant, Inc., alleging violations by the defendants of the federal statute known as the Telephone Consumer Protection Act, 47 U.S.C. § 227, by virtue of the alleged transmissions, by the defendant, of unsolicited facsimiles which were allegedly sent to the plaintiff along with "more than 39 other recipients without first receiving the recipients' express permission or invitation" (see paragraph 13 of plaintiff's Class Action Complaint.)

3.    Along with an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, which plaintiff alleges in Count I of his Class Action Complaint, plaintiff also alleges, for himself and those who are purportedly similarly-situated, a claim for common law conversion, for alleged misappropriation by the defendants of "the class members' fax machines, toner, paper, and employee time . . ." (see paragraph 36 of Count II of plaintiff's Class Action Complaint).

4.    Additionally, plaintiff alleges violations of an Illinois statute known as the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, by virtue of the transmissions of allegedly "unsolicited fax advertising" to plaintiff and other members of the purported class (see Count II of plaintiff's Class Action Complaint).

5.     The aforementioned action is of a wholly civil nature, and is one over which the United States District Court for the Northern District of Illinois, Eastern Division, has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 (as to Count I of the Class Action Complaint) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (as to Counts II and III of the Class Action Complaint), and is therefore one which may be removed to this Court by defendant Time Insurance Company pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1453(b), for the reasons more fully set forth below.

6.     This Court has valid subject matter jurisdiction (in the form of federal question jurisdiction) over this action because plaintiff's Class Action Complaint is based, in part, upon the defendants' alleged violation of federal law, to wit:  The Telephone Consumer Protection Act, 47 U.S.C. § 227, as to which the Court of Appeals for the Seventh Circuit, as well as trial courts of the Northern District of Illinois, Eastern Division, have held that said federal statute provides a basis for removal to federal court of claims arising thereunder.   See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005); CE Design Ltd. v. Tomassone, 2007 U.S. Dist. LEXIS 72190 (N.D.Ill. 2007); G.M. Sign, Inc. v. Franklin Bank, S.S.B., 2006 U.S. Dist. LEXIS 29667 (N.D.Ill. 2007).

7.     Pursuant to the provisions of 28 U.S.C. § 1367, this Court may also exercise valid supplemental jurisdiction over the state common law and statutory claims set forth in plaintiff's Class Action Complaint (Counts II and III) insofar as they are so related to the claim over which the Court has valid federal question jurisdiction (Count I) that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Insofar as the claims set forth in the plaintiff's Class Action Complaint are ones over which the United States District Court for the Northern District of Illinois, Eastern Division,

has valid subject matter jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1331 and 1367, said claims are therefore ones which may properly be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1453(b). Venue of this cause is proper in the Northern District of Illinois, Eastern Division, pursuant to the provisions of 28 U.S.C. § 1391(b) insofar as a substantial part of the events giving rise to plaintiff's claim occurred within this judicial district.

9.    The consent of all defendants is not required for removal of a class action, pursuant to 28 U.S.C. § 1453(b), nor is consent to removal required of defendants yet to be served, (see, P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co., 395 F.2d 546 (7th Cir. 1968) and Shaw v. Dow Brands Inc., 994 F.2d 364 (7th Cir. 1993)), and Assurant, Inc. has not been served in this matter as of the date of filing of this Notice of Removal. Moreover, plaintiff voluntarily dismissed Assurant, Inc. from this litigation on January 9, 2008. (See the dismissal order attached to this Notice of Removal along with other pleadings and process).

10.    This Notice of Removal is being filed within 30 days of the December 11, 2007 service of summons upon defendant Time Insurance Company through the Illinois Department of Financial and Professional Regulation, Division of Insurance, and is therefore timely pursuant to the provisions of 28 U.S.C. § 1446(b).

11.    In accordance with the provisions of 28 U.S.C. § 1447(b), there are attached to this Notice of Removal true and correct copies of all records and pleadings served by plaintiff's counsel upon the removing defendant.

12.    Pursuant to the provisions of 28. U.S.C. § 1446(d), defendant Time Insurance Company shall give prompt written notice of the removal of this cause to the plaintiff, by his

4

counsel, and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

WHEREFORE, the defendant, Time Insurance Company, gives notice to this Honorable Court of the removal of this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division, and respectfully requests that this Honorable Court assume jurisdiction over the claims asserted in the plaintiff's Class Action Complaint to the same extent and degree as if this matter had been originally filed in this Court.

<div style="margin-left:40%">

Respectfully submitted,


**s/ William G. Beatty**
William G. Beatty Bar Number: 03121542
Attorney for Defendant
   Time Insurance Company
Of counsel
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-2881
E-mail: beattyw@jbltd.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2008, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system and will send notification of such filing to:

Brian J. Wanca, Esq.　　　　　　　Phillip A. Bock, Esq.
Anderson + Wanca　　　　　　　　Diab & Bock, LLC
3701 Algonquin Road　　　　　　　134 North LaSalle Street
Suite 760　　　　　　　　　　　　Suite 1000
Rolling Meadows, IL 60008　　　　　Chicago, IL  60602

via first-class, U.S. mail, postage prepaid.


**s/ William G. Beatty**
William G. Beatty Bar Number:  03121542
Attorney for Defendant
　　Time Insurance Company
Of counsel
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone:  (312) 372-0770
Fax:  (312) 372-2881
E-mail:  beattyw@jbltd.com

0702228

# Illinois Department of Financial and Professional Regulation

**Division of Insurance**

ROD R. BLAGOJEVICH
Governor

DEAN MARTINEZ
Secretary

MICHAEL T. McRAITH
Director
Division of Insurance

December 14, 2007

Time Insurance Company
Post Office Box 3050
Milwaukee, Wisconsin 53201-3050

    Re:  Case Number:  2007 CH 35282

Gentlemen:

    Enclosed please find copy of Summons and Class Action Complaint served on me as your agent for service of process on December 11th at 1:45 p.m. at my Chicago Office in the case of Robert A. Green, vs. your company et al.

                    Sincerely,

                    Michael T. McRaith
                    Director

MTM:EMC:msc
Encl.

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

RECEIVED 5
DEC 17 2007
INCOMING MAIL

2120 - Served                2121 - Served
2220 - Not Served            2221 - Not Served
2320 - Served By Mail        2321 - Served By Mail
2420 - Served By Publication 2421 - Served By Publication
SUMMONS                      ALIAS - SUMMONS          CCG N001-10M-1-07-05 (

**RECEIVED**
STATE OF ILLINOIS

DEC 1 1 2007 *at 12:15 p.m.*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS DEPT. OF INSURANCE
COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION CHICAGO, ILLINOIS

(Name all parties)

ROBERT A. GREEN

v.

ASSURANT, INC. and TIME INSURANCE COMPANY

2007CH35282
CALENDAR/ROOM 13
TIME 00:00
Class Action

No. _____

PLEASE SERVE: *Time Insurance Comp*
Michael McGraith
Illinois Dept. of Insurance
100 W. Randolph Street
Chicago, IL 60601

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑  Richard J. Daley Center, 50 W. Washington, Room _____802_____, Chicago, Illinois 60602

☐  **District 2 - Skokie**        ☐  **District 3 - Rolling Meadows**   ☐  **District 4 - Maywood**
   5600 Old Orchard Rd.              2121 Euclid                          1500 Maybrook Ave.
   Skokie, IL 60077                  Rolling Meadows, IL 60008            Maywood, IL 60153

☐  **District 5 - Bridgeview**     ☐  **District 6 - Markham**           ☐  **Child Support**
   10220 S. 76th Ave.               16501 S. Kedzie Pkwy.                28 North Clark St., Room 200
   Bridgeview, IL 60455             Markham, IL 60426                    Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _51306_

Name: _Brian J. Wanca for Anderson + Wanca_

Atty. for: _Plaintiff_

Address: _3701 Algonquin Road, Suite 760_

City/State/Zip: _Rolling Meadows, IL  60008_

Telephone: _847-368-1500_

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

**DOROTHY BROWN** DEC 0 3 2007
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ROBERT A. GREEN, individually and as )
the representative of a class of similarly- )
situated persons, )
             )
       Plaintiff, )
             )  No.
     v. )
             )
ASSURANT, INC. and TIME )
INSURANCE COMPANY, )
             )
       Defendants. )

2007CH35282
CALENDAR/ROOM 13
TIME 00:00
Class Action

**RECEIVED**
STATE OF ILLINOIS

DEC 11 2007

**DEPT. OF INSURANCE**
CHICAGO, ILLINOIS

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, ROBERT A. GREEN, by his attorneys, Anderson + Wanca and Diab & Bock,

LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class

action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendants, (3) with respect to whom
> Defendants did not have prior express permission or invitation for
> the sending of such faxes and (4) with whom Defendants did not
> have an established business relationship.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendants, (3) with respect to whom
> Defendants did not have prior express permission or invitation for
> the sending of such faxes and (4) with whom Defendants did not
> have an established business relationship.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendants, (3) with respect to whom
> Defendants did not have prior express permission or invitation for

the sending of such faxes and (4) with whom Defendants did not have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, ROBERT A. GREEN, prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

ROBERT A. GREEN, individually and as the representative for a class of similarly-situated persons

By: _____
One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Attorney No. 51306

Phillip A. Bock
DIAB & BOCK, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
Attorney No. 42073

2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ROBERT A. GREEN, individually and as )
the representative of a class of similarly- )
situated persons, )
)
              Plaintiff, )
) No.
      v. )
)
ASSURANT, INC. and TIME )
INSURANCE COMPANY, )
)
           Defendants. )

2007CH35282
CALENDAR/ROOM 13
TIME 00:00
Class Action

**RECEIVED**
STATE OF ILLINOIS

DEC 11 2007

DEPT. OF INSURANCE
CHICAGO, ILLINOIS

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, ROBERT A. GREEN, by his attorneys, Anderson + Wanca and Diab & Buck,

LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class

action treatment the following classes, as described in Plaintiff's Class Action Complaint:

        All persons who (1) on or after four years prior to the filing of this
        action, (2) were sent telephone facsimile messages of material
        advertising the commercial availability of any property, goods, or
        services by or on behalf of Defendants, (3) with respect to whom
        Defendants did not have prior express permission or invitation for
        the sending of such faxes and (4) with whom Defendants did not
        have an established business relationship.

        All persons who (1) on or after five years prior to the filing of this
        action, (2) were sent telephone facsimile messages of material
        advertising the commercial availability of any property, goods, or
        services by or on behalf of Defendants, (3) with respect to whom
        Defendants did not have prior express permission or invitation for
        the sending of such faxes and (4) with whom Defendants did not
        have an established business relationship.

        All persons who (1) on or after three years prior to the filing of this
        action, (2) were sent telephone facsimile messages of material
        advertising the commercial availability of any property, goods, or
        services by or on behalf of Defendants, (3) with respect to whom
        Defendants did not have prior express permission or invitation for

the sending of such faxes and (4) with whom Defendants did not
have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, ROBERT A. GREEN, prays that this court enter an order

pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

ROBERT A. GREEN, individually and as the
representative for a class of similarly-situated
persons

By:    _Brian J Wanca_____

One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500
Attorney No. 51306

Phillip A. Bock
DIAB & BOCK, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL  60602
Telephone:  312/658-5500
Attorney No. 42073

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ROBERT A. GREEN, individually and as )
the representative of a class of similarly- )
situated persons, )
                                )
             Plaintiff, )
                                ) No.
      v. )
                                  )
ASSURANT, INC. and TIME )
INSURANCE COMPANY, )
                                  )
            Defendants. )

2007CH35282
CALENDAR/ROOM 13
TIME 00:00
Class Action

**RECEIVED**
STATE OF ILLINOIS

DEC 11 2007

DEPT. OF INSURANCE
CHICAGO, ILLINOIS

### CLASS ACTION COMPLAINT

Plaintiff, ROBERT A. GREEN ("Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, ASSURANT, INC. and TIME INSURANCE COMPANY ("Defendants"):

### PRELIMINARY STATEMENT

1.      This case challenges Defendants' practice of faxing unsolicited advertisements.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.     Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

7.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.     Plaintiff is a resident of Cook County, Illinois.

10.     On information and belief, Defendant, TIME INSURANCE COMPANY is an insurance company located in Milwaukee, Wisconsin, licensed to sell insurance products in Illinois.  On information and belief, Defendant, ASSURANT, INC., is an insurance company with its main offices in New York City, New York.

2

## FACTS

11.     On or about October 9, 2007, Defendants faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12.     Plaintiff had not invited or given permission to Defendants to send fax advertisements.

13.     On information and belief, Defendants faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

### COUNT I
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendants did not have an established business relationship.

17.     A class action is warranted because:

3

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)    Whether Defendants sent unsolicited fax advertisements;

(ii)    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)    Whether Defendants violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendants should be enjoined from faxing advertisements in the future; and

(viii)    Whether the Court should award trebled damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

4

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

> 3.    Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

24.    Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

5

25.    The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

26.    Defendants knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services.

27.    Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and his employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.    Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, ROBERT A. GREEN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants, ASSURANT, INC. and TIME INSURANCE COMPANY, jointly and severally, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00 in damages for each violation of the TCPA;

6

C.    That the Court enter an injunction prohibiting Defendants from engaging in the

statutory violations at issue in this action; and

D.    That the Court award costs and such further relief as the Court may deem just and

proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and

fees.

## COUNT II
## CONVERSION

29.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion

under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing
> of this action, (2) were sent telephone facsimile messages of
> material advertising the commercial availability of any property,
> goods or services by or on behalf of Defendants, (3) with respect to
> whom Defendants did not have prior express permission or
> invitation for the sending of such faxes and (4) with whom
> Defendants did not have an established business relationship.

31.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons and

is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over

all questions affecting only individual class members, including:

(i)    Whether Defendants engaged in a pattern of sending unsolicited

fax advertisements;

(ii)    The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxed

advertisements; and

7

     (iii)    Whether Defendants committed the tort of conversion.

32.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.    By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

37.    Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

39.     Each of Defendants' unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

40.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ROBERT A. GREEN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants, ASSURANT, INC. and TIME INSURANCE COMPANY, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award costs of suit; and

D.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

**COUNT III**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**815 ILCS 505/2**

9

41.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.     In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class

of persons, bring Count III for Defendants' unfair practice of sending unsolicited and unlawful

fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to
> the filing of this action, (2) were sent telephone facsimile messages
> of material advertising the commercial availability of any property,
> goods, or services by or on behalf of Defendants, (3) with respect
> to whom Defendants did not have prior express permission or
> invitation for the sending of such faxes and (4) with whom
> Defendants did not have an established business relationship.

43.     A class action is proper in that:

(a)     On information and belief the class consists of thousands of persons in

Illinois and throughout the United States and is so numerous that joinder of all members

is impracticable.

(b)     There are questions of fact or law common to the class predominating over

all questions affecting only individual class members including:

(i)     Whether Defendants engaged in a pattern of sending unsolicited

fax advertisements;

(ii)     The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxed

advertisements;

(iii)     Whether Defendants' practice of sending unsolicited faxed

advertisements violates Illinois public policy;

(iv)     Whether Defendants' practice of sending unsolicited faxes is an

unfair practice under the Consumer Fraud Act; and

10

(v)     Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

44.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.     Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

47.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.     Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.     Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax

11

machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ROBERT A. GREEN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants, ASSURANT, INC. and TIME INSURANCE COMPANY, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award damages to Plaintiff and the other class members;

C.      That the Court award attorney fees and costs;

D.      That the Court enter an injunction prohibiting Defendants from sending unsolicited faxed advertisements to Illinois consumers; and

E.      Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

ROBERT A. GREEN, individually and as the representative of a class of similarly-situated persons

By:     _____
        One of Plaintiff's Attorneys

Brian J. Wanca                          Phillip A. Bock
ANDERSON + WANCA                        DIAB & BOCK, LLC
3701 Algonquin Road, Suite 760          134 N. LaSalle Street, Suite 1000
Rolling Meadows, IL 60008               Chicago, IL 60602
Telephone: 847/368-1500                 Telephone: 312/658-5500
Attorney No. 51306                      Attorney No. 42073

12

EXHIBIT A

Assurant Health     10/9/2007 8:52:50 AM   PAGE   1/004   Fax Server



## ASSURANT
### Health

**Fax**

907 N. Elm Street
Ste. 202
Hinsdale, IL 60521
Phone: (630) 321-2200
Facsimile: (630) 321-2206

www.assuranthealth.com

To:   Tiffany Insurance Agency
Company:
Fax:   17737611647
Phone:

From:   Regional Sales Office
Fax:   630-321-2206
Phone:   630-321-2200

**NOTES:**

The Direct General Agent contract is by far the most lucrative contract available when contracting with Assurant Health/Time Insurance. It gives you the opportunity for bonus programs & rewards not available to writing agents, like the availability of up to a 25% contract (29% w/Life) along with bonuses. Most important, it gives you the Ownership rights of the business written. We also have the ability to advance your commissions and pay you weekly(industry first) if requested.

I've included a General Agent contract which you can fill out and fax back to me with a copy of your insurance license to 630-321-2206, at your convenience. We're an A rated company that's been doing business for over 115 years. Our underwriting is second to none, with ExpressYes Instant Issue and printable temp ID cards along w/ Express Underwriting - 17 question on-line application. This allows you to write more business and get paid faster. We also set up a Free Web Page to help you grow your business and offer bi-weekly product training.

Please call me with any questions or fax your contract back to me. Check out www.timeagent.com for more info on Time Insurance.

Please disregard if you are currently a GA with Assurant Health.

Illinois RSD, Daniel M. Cullen, RHU
Ph 877-685-1500 Fx 630-321-2206
dan.cullen@assurant.com

This is not an advertisement. We are not soliciting you to purchase any property, good or service. This information impacts your existing professional relationship with us, or is inviting you to establish a professional relationship with us.

The information contained in this facsimile message is intended only for the use of the addressee. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone for instructions regarding its return.

Assurant Health markets products underwritten by Time Insurance Company.


### Time
Insurance

# Time Insurance Company
## General Agent Sales Agreement

This General Agent Sales Agreement is between Time Insurance Company, by its current name or any new name or legal identity it may hold in the future, its subsidiaries and associated organizations (hereinafter referred to as the "Company" or "We" or "Us" or "Our") and

_____     , "General Agent" or "You" or "Your" or
(Please print or type name)                  "Yours".

The General Agent agrees to comply with the following terms and conditions.

General Agent                                For Time Insurance Company

_____              _____
Signature                                     Signature

_____              _____
(Please print or type name)                   Effective Date of Agreement
                                              (To be completed by Home Office.)

_____              _____
Date                                          General Agent #:

BENEFICIARY DESIGNATION:

_____
Name                          Address

If living, otherwise to:

_____
Name                          Address

## DEFINITIONS

AGREEMENT. For the purposes of this Agreement, "Agreement" shall mean this General Agent Sales Agreement, together with the Appointment Application, Commission and Product Schedules and any attachments, exhibits or schedules hereto.

ASSOCIATED ORGANIZATION. For the purposes of this Agreement, an "Associated Organization," shall mean a corporate entity either wholly or partially owned by Time Insurance Company, John Alden Life Insurance Company, Union Security Insurance Company or its parent company Assurant Inc.

IMPORT COMPANY. For the purposes of this Agreement an "Import Company," shall mean a company with which Time Insurance Company or an Associated Organization has entered into a contractual arrangement so as to allow the

 **ASSURANT** Health

**General Agent**
**Appointment Application**
Form RSD GA APP 09-05

RSD Name: **D a n  C u l l e n**          Territory: **7 2 3**          Fx#:**6 3 0 - 3 2 1 - 2 2 0 6**

## AGENCY INFORMATION

1. Agency Type (check only one):

   2. Taxpayer Identification Number:

   ☐ Sole Proprietorship/Individual  ☐ Partnership  ☐ Corporation

   License Requirements – We require a copy of your personal health and life license for your resident state and each non-resident state in which you intend to operate. If your agency is a partnership or corporation, we also require copy of the health and life Agency License for each state (resident and non-resident) in which an appointment is needed. Fees associated with these appointments will be charged to your commission account where permitted. Please send copies of the appropriate licenses with this application.

3. Legal Name under which Taxpayer Identification Number was issued (Please print):

4. Business Street Address: (Required)

STREET
Business P.O. Box (Optional):          CITY / STATE / ZIP (9 DIGIT)

P.O. BOX          CITY / STATE / ZIP (9 DIGIT)

| PHONE | | FAX | |
| E-MAIL | | | |

5. Which address we should use for commission statements, checks and correspondence? (Select one)
   ☐ Business Street Address
   ☐ Business P.O. Box

## GENERAL AGENT INFORMATION (PRINCIPAL AGENT)

6. General Agent (Full legal name):          Nickname (Optional):

7. Social Security Number:          8. Date of Birth:

9. Resident Address:

STREET          CITY / STATE / ZIP (9 DIGIT)          PHONE

10. Are you now or have you ever used any name other than shown above? ☐ Yes ☐ No  If yes, list names, dates and reason used:

11. Have you ever been appointed with Time Insurance Company (previously known as Fortis Insurance Company)?
    ☐ Yes ☐ No  If yes, list agent numbers:

12. Name of Errors and Omissions Carrier: _____

13. Are you engaged in any other business? ☐ Yes ☐ No  If yes, please describe:

Provide details to any "YES" answers for questions 14 – 16 on an attached sheet.
14. Have you ever had a professional license refused, revoked or suspended; or, has disciplinary action been taken against you by a regulatory agency? ☐ Yes ☐ No

15. Are you currently indebted to any insurance company or agency, or is there any dispute regarding your insurance accounts? ☐ Yes ☐ No

16. Have you ever pled guilty or no contest or been convicted of any violation of law other than minor traffic violations?
    ☐ Yes ☐ No

Products are underwritten and issued by:
**Time Insurance Company**
501 W Michigan
Milwaukee, WI 53201

**Time** Insurance

**17. List your residence address for past five years up to and including present date:**

| FROM (MO / YR) | TO (MO / YR) | ADDRESS | CITY / STATE / ZIP | PHONE |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**18. List all employers for past five years up to and including present date. Include dates, addresses, and positions:**

| FROM (MO / YR) | TO (MO / YR) | NAME / ADDRESS | CITY / STATE / ZIP | PHONE |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## IMPORTANT INFORMATION

Fair Credit Act -- I hereby authorize and request any present or former employer, police department, financial institution, insurance company, department of insurance or other persons having personal knowledge about me, to furnish bearer with any and all information in their possession regarding me in connection with an application for appointment as an insurance agent. I am willing that a photocopy of this authorization be accepted with the same authority as the original, and I specifically waive any written notice from any present or former employer who may provide information based upon this authorized request. I understand this authorization is to be part of the written agent application which I signed and applies to all companies, including any affiliated or import companies with which Assurant Health has a relationship, and products I may sell through that application.

Taxpayer Identification --Internal Revenue Code Section 6109 requires us to obtain your correct Federal Taxpayer Identification Number (TIN). This information is required so that payments can be accurately reported to you on Form 1099-MISC. Failure to provide us with correct information may subject your account to backup withholding. If this occurs, we must withhold and pay to the Internal Revenue Service 31% of certain payments made to your account.

Please Note:

This application cannot be processed unless all questions have been answered and appropriate license copies are attached. Fees associated with appointments will be charged to your commission account where permitted.

I represent that the answers given in this application are true and correct to the best of my knowledge and belief. I understand that any misrepresentations or misstatements may result in immediate cancellation of this appointment and the accompanying sales agreement. I grant full authorization to Time Insurance Company, Assurant Health and affiliated companies to communicate with me via fax, e-mail or any other electronic means at the numbers/address I have provided herein or at any number/address I subsequently provide to Time Insurance Company. I understand that such communications may qualify as advertisements under federal, state or local law and I consent to receive such advertisements. This authorization and permission shall remain effective until withdrawn by me in writing and received by Time Insurance Company.

| GENERAL AGENT'S SIGNATURE | DATE | RST's SIGNATURE / HOME OFFICE AUTHORIZATION |
|---|---|---|

Company Use Only

| Appointment Date |  | Agency Business No. |
|---|---|---|
| GA Appointment Date |  | GA Business No. |

Products are underwritten and issued by:

**Time Insurance Company**
501 W Michigan
Milwaukee, WI 53201





Illinois Department of
Financial and Professional Regulation
320 West Washington Street
Springfield, Illinois 62786

Illinois Division of Insurance

Time Insurance Company
Post Office Box 3050
Milwaukee, WI 53201-3050 DEC 2 7 2007



INCOMING MAIL

02 1A
000435075E
MAILED FROM



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ROBERT A. GREEN, individually and as the　　　)
representative of a class of similarly-situated　　)
persons,　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)　　No. 07 CH 35282
　　　　　v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
ASSURANT, INC. and TIME INSURANCE　　　)
COMPANY,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　　　　　)

_FILED - 2_
_2007 DEC 18 AM 10: 34_
_CIRCUIT COURT COOK
COUNTY ILLINOIS
CHANCERY DIV.
DOROTHY BROWN —CLERK_

### NOTICE OF MOTION

TO:　　　William Beatty
　　　　　Johnson & Bell Ltd.
　　　　　33 W. Monroe Street, Suite 2700
　　　　　Chicago, IL 60603

　　　　On ___January 9___, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable LeRoy K. Martin, or any Judge sitting in his stead, in Courtroom 2008 of the Circuit Court of Cook County, located at the Richard J. Daley Center, Chicago, Illinois, and then and there present *Plaintiff's Motion to Voluntarily Dismiss Defendant Assurant, Inc.*, a copy of which is attached hereto and hereby served upon you.

　　　　　　　　　　　　　　　　　　　　　_One of Plaintiff's Attorneys_

### CERTIFICATE OF SERVICE

　　　　I, the undersigned, state that on December ___18___, 2007, I served a true and correct copy of this Notice of Motion and Motion on the party listed above, via:

☐　　Personal service
☒　　U.S. mail, by depositing it in the U.S. mail at Rolling Meadows, IL, at or before 5:00 p.m., with proper postage prepaid to the address listed above
☐　　Facsimile machine from Rolling Meadows, IL, to the telephone number listed above

[X] Under penalties as provided by law pursuant
　　to 735 ILCS 5/1-109, I certify that the statements
　　set forth herein are true and correct.

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Attorney No. 51306

Phillip A. Bock
DIAB & BOCK, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312/578-4100
Attorney No. 51306

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ROBERT A. GREEN, individually and as the )
representative of a class of similarly-situated )
persons, )
                      Plaintiff, )
                       )
                       )
            v. )   No. 07 CH 35282
                       )
ASSURANT, INC. and TIME INSURANCE )
COMPANY, )
                Defendants. )

### PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS DEFENDANT ASSURANT, INC.

NOW COMES the Plaintiff, ROBERT A. GREEN ("Plaintiff"), by and through his attorneys, and moves for a voluntary dismissal of Defendant, ASSURANT, INC., without prejudice, and in support thereof, alleges and states as follows:

1.     Plaintiff's counsel is informed that Assurant, Inc. does not do business in Illinois and did not employ the fax broadcaster.

2.     Plaintiff seeks to voluntarily dismiss Assurant, Inc. without prejudice and without costs as Assurant, Inc. has not appeared.

WHEREFORE, Plaintiff, ROBERT A. GREEN, prays that this court enter an order dismissing Defendant, ASSURANT, INC., without prejudice and without costs.

                             Respectfully submitted,

                             _Brian J. Wanca_

                             Brian J. Wanca
                             Attorney for Plaintiff

Brian J. Wanca                   Phillip A. Bock
ANDERSON + WANCA          DIAB & BOCK, LLC
3701 Algonquin Road, Suite 760    134 N. LaSalle Street, Suite 1000
Rolling Meadows, IL 60008        Chicago, IL 60602
Telephone: 847/368-1500         Telephone: 312/658-5500
Attorney No. 51306              Attorney No. 42073

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Green et al.

v.

Assurant, Inc. and Time Ins. Co

No. 07 CH 35282

## ORDER

This cause coming before the Court on Plaintiffs motion to Voluntarily Dismiss Defendant Assurant, Inc., Plaintiff appearing through consul and the Court being advised in the premises and being advised that Plaintiff's motion is agreed/unopposed, it is hereby ordered that: ① Plaintiffs claims against defendant Assurant, Inc. are dismissed without prejudice and with each party to bear its own costs; <ins>pursuant to sp-1009</ins> and ② the case will proceed against Time Insurance Company. <del>this further ordered</del> PAB. Status set for 9:30 am on February 20, 2008. Nothing further ordered.

Atty. No.: 42073

Name: Phillip A Bock

Atty. for: Plaintiff

Address: 134 N. La Salle #1000

City/State/Zip: Chicago, IL 60602

Telephone: 312 658 5500

ENTERED:

Dated: _____

*Judge LeRoy K. Martin, Jr.*

JAN 09 2008

Judge    **Circuit Court - 1844**    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**