WGB/lmm/Doc#1777695                                                     6975-07013

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. GREEN, Individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Court No. 1:08-cv-00194 ) |
| TIME INSURANCE COMPANY, | ) Judge Norgle ) Magistrate Judge Keys |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT,
TIME INSURANCE COMPANY, TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT**

I.   Introduction.

This is a putative class action lawsuit. Plaintiff seeks to recover damages from Defendant Time Insurance Company ("Time")[1] because Time allegedly sent a single, four-page facsimile transmission to a fax machine owned by the Plaintiff. Plaintiff asserts that because the fax was sent without his permission, he is entitled to recover under: (a) the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); (b) a common law conversion claim; and (c) the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/2 ('ICFA"). A copy of the fax in question is attached to Plaintiff's Complaint.[2]

---

[1] The former first-named defendant in this case, Assurant, Inc., was voluntarily dismissed by plaintiff prior to the removal of this case to federal court.

[2] The fax indicates that it was sent to Tiffany Insurance. The Complaint does not explain the relationship (if any) between Plaintiff and Tiffany Insurance Agency.

This brief shows why each of Plaintiff's three causes of action is missing elements that are essential to stating a claim for relief. The TCPA claim fails because the fax transmission did not advertise property, goods, or services. Plaintiff's conversion claim fails because there is no allegation that Time wrongfully and without authorization assumed control, dominion, or ownership over the paper, toner, and ink for the fax. Plaintiff's ICFA claim fails because the transmission of a fax does not constitute "oppressive behavior" that results in "substantial injury." Even considering all of the well-pleaded facts in Plaintiff's Complaint as true, and reviewing all of the allegations therein in a light most favorable to Plaintiff, each of Plaintiff's three counts is deficient on its face. Therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted and the Court should dismiss the Complaint in its entirety.

II.     Plaintiff's TCPA action is deficient because Time did not attempt to advertise any "property, goods, or services."

Subject to certain exceptions and qualifications, the TCPA prohibits the use of a telephone facsimile machine to send to another telephone facsimile machine any "unsolicited advertisement." The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services . . ." that is transmitted by a sender to any person without the recipient's prior express invitation or permission. 47 U.S.C. § 227(a)(5) (*emphasis added*).

Plaintiff attached the fax to the Complaint and so it is proper for the Court to consider that fax when ruling on this motion to dismiss. *See* Fed. R. Civ. P. 10; Moranski v. GMC, 433 F.3d 537, 539 (7th Cir. 2005); Phillips Randolph Enterprises, LLC v. Adler-Weiner Research Chicago, Inc., 2007 U.S. Dist. LEXIS 7334 (2007) ("Documents attached to the complaint are considered part of the complaint"). A review of that fax shows that Time did not advertise any "property, goods, or services," but instead was seeking to hire the addressee as a direct general

agent. (*See* Exhibit A to Plaintiff's Complaint.) Indeed, nowhere in Plaintiff's Complaint does he even allege that Time was attempting to advertise any "property, goods, or services." In sending the fax, Time did nothing more than attempt to impact its "existing professional relationship" with Plaintiff or "to establish a professional relationship" between Time and Plaintiff, if there was no existing relationship. (*Id.*) Several decisions by federal courts, including courts in the Seventh Circuit, have held that such communications do not violate the TCPA.

A fax transmission that solicits the employment of another is not an "unsolicited advertisement" under the TCPA. *See* Lutz Appellate Services, Inc. v. Curry, 859 F.Supp. 180 (E.D. Pa. 1994). In Lutz the defendant faxed the plaintiff two solicitations of employment, advising the recipient of positions that the defendant was seeking to fill. *See id.* at 181. The plaintiff in Lutz contended that the two faxes constituted solicitations from a business competitor seeking to hire away the plaintiff's current employees, and hence were alleged to be "unsolicited advertisements" of the kind prohibited by 47 U.S.C. § 227. *See id.* The district court rejected the plaintiff's characterization of the faxes, holding that: "[a] company's advertisement of available job opportunities within its ranks is not the advertisement of the commercial availability of property," nor of "goods or services within the ordinary meaning of those words in the Act [the TCPA]." *Id.* at 181-82.

Similarly, in Ameriguard, Inc. v. University of Kansas Medical Center Research Institute, Inc., 2006 U.S. Dist. LEXIS 42552 (W.D. Mo. 2006), a plaintiff's TCPA claim was dismissed pursuant to Fed. R. Civ. P 12(b)(6) because the fax in question sought individuals willing to participate in a medical study. The fax in Ameriguard offered study participants medical care and medication at no cost to the participant as well as compensation to the participant for time

and travel. *Id.* at p.3. The court found that the faxes in question merely announced the existence of a clinical drug trial and sought subjects for same, rather than soliciting the sale of medication or other property, goods or services. *Id.* at p.4.

Most recently, in <u>Phillips Randolph Enterprises, LLC v. Adler-Weiner Research Chicago, Inc.</u>, 2007 U.S. Dist. LEXIS 7334 (N.D. Ill. 2007), a federal court from this district held that an offer to participate in a research discussion did not constitute the advertisement of property, goods, or services. The <u>Phillips Randolph</u> court cited to <u>Lutz</u> and ruled that offering an opportunity to participate in a research discussion was akin to the advertisement of a job opening. *Id.* at pp.5-6. As a result, the court found that the advertisement was outside the scope of the TCPA. *Id.* at p.6. "[M]essages that do not promote a commercial product or service . . . are not solicited advertisements under the TCPA." (*See* In re the Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991; Junk Fax Prevention Act of 2005, 21 F.C.C.R. 3787, at 3810 (April 6, 2006)).

Just as in the <u>Lutz</u>, <u>Ameriguard</u> and <u>Phillips Randolph</u> decisions, Time's fax does not advertise property, goods, or services. Time did not attempt to sell insurance to Plaintiff or Tiffany Insurance Agency. Instead, Time sought to establish the recipient as a writing agent with Time. Such a solicitation falls outside of the scope of the TCPA, and therefore, Count I of the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

III.  <u>Plaintiff's conversion claim should be dismissed because Time never came into possession of the property that Plaintiff alleges was "misappropriated and because an employee's time cannot be the subject of a conversion claim."[3]</u>

The second count of Plaintiff's Complaint seeks recovery for an alleged conversion. According to Plaintiff, Time "misappropriated the class members' fax machines, toner, paper

---

[3] Time's Motion to Dismiss Counts II and III may be moot in light of Plaintiff's Notice of Voluntary Dismissal of Counts II and III which was filed after this memorandum was prepared.

and employee time to Defendants' own use." (*See* Count II of plaintiff's Class Action Complaint).

The Illinois Supreme Court held that an essential element of the tort of conversion is that "the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property [in question]." Cirrincione v. Johnson, 184 Ill.2d 109, 114-115, 703 N.E.2d 67, 70 (1998). Accordingly, when applying Illinois law, the rule in the Seventh Circuit is that "[t]he essence of conversion is the wrongful deprivation of one who has a right to immediate possession of the object unlawfully held." Horbach v. Kaczmarek, 288 F.3d 969, 978 (7th Cir. 2002). Moreover, a specific item of personal property is the only proper subject of a conversion claim. *See id.*: In re Thebus, 483 N.E.2d 1258, 1260 (Ill. 1985).

In Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc., 443 F.Supp.2d 976 (N.D. Ill. 2006), a conversion claim identical to that presented here was dismissed by Judge Shadur under Fed. R. Civ. P. 12(b)(6). In ruling that a fax transmission could not provide the basis for a claim that the sender converted the plaintiff's ink, toner, and paper, Judge Shadur held:

> "it would impermissibly warp the concept of "conversion" if that label were to be attached to [the plaintiff's] property (ink, toner and paper) that never came into [defendant's] possession at all – that was never "unlawfully held" by [the defendant] and as to which [the defendant] could be said to have "assumed control, dominion or ownership over the property" only by stretching that language beyond its normal meaning." *Id.* at 980, citing Cirrincione, *supra*. 184 Ill.2d at 114-115, 703 N.E.2d at 70.

Since there is no claim that Time actually came into physical possession of Plaintiff's fax machine, toner, ink or paper (or that Time wrongfully withheld those items from Plaintiff) Plaintiff's claim for conversion cannot stand. As to the alleged "misappropriation" of the Plaintiff's employees' time (presumably that which was involved in the retrieving of a single fax

from the Plaintiff's fax machine), time is not a specific item of personal property and so a conversion claim does not lie.

For each of these reasons, Count II of Plaintiff's Complaint fails to state a claim for which relief can be granted and should be dismissed pursuant to the provisions of Fed. R. Civ. P. 12(b)(6).

IV. <u>The Illinois Consumer Fraud statute is inapplicable to the facts of this case insofar as Time's purported conduct, as a matter of law, falls far short of the standard which the statute establishes for culpability.[4]</u>

Plaintiff's third and final count is a claim brought under ICFA. Just as he does in his conversion claim in Count II, Plaintiff's ICFA claim in Count III alleges that the unauthorized fax caused Plaintiff to lose paper, toner, ink, use of his facsimile machine, and the use of his employees' time in receiving, routing and reviewing the fax in question. (*See* paragraphs 48 and 49 of Count III of the Plaintiff's Complaint). Plaintiff asserts that Time's transmission of the fax was "unfair" because it supposedly "violates public policy." (*See* paragraphs 46 and 47 of Count III of the Plaintiff's Complaint).

In determining whether a business practice is sufficiently "unfair" as to be actionable under ICFA, courts are instructed to consider whether the practice is "immoral, unethical, oppressive, or unscrupulous" and whether the business practice complained of "causes substantial injury to consumers." *See* <u>Robinson v. Toyota Motor Credit Corp.</u>, 201 Ill.2d 403, 417-18, 775 N.E.2d 951, 961 (2002). The transmission of an allegedly unsolicited fax does not meet this standard. *See* <u>Western Railway Devices Corp. v. Lusida Rubber Products, Inc.</u>, 2006 U.S. Dist. LEXIS 43867 (N.D. Ill. 2006). In <u>Western Railway</u>, Judge Grady of the Northern District of Illinois ruled that the sending of an unsolicited fax by the defendant to the plaintiff

---

[4] See Footnote 3 regarding Plaintiff's Notice of Voluntary Dismissal of Counts II and III.

simply did not constitute "oppressive behavior." Similarly, Judge Grady held that receipt of a single unauthorized fax does not cause a "substantial injury" and therefore could not satisfy the criteria set forth in Robinson. *See* Western Railway, *supra* at pp.15-18, citing Robinson, *supra*, 201 Ill.2d at 418, 775 N.E.2d at 961.

Judge Grady's analysis of the ICFA was subsequently cited with approval by Judge Shadur in the Rossario case. Just as he had done with the conversion count in Rossario, Judge Shadur dismissed the ICFA count under Fed. R. Civ. P. 12(b)(6). *See* Rossario, 443 F.Supp.2d at 979. In reaching this result, Judge Shadur ruled that although well-pleaded allegations of fact must be taken as true on a motion to dismiss, it was not necessary for the court to accept the "pejorative . . . label" applied by the plaintiff to the defendant's business practices in that case. *Id.* Nor did the court have to accept as true "mere unsupported conclusions of fact or mixed fact and law . . . ." *Id.*, citing Steidl v. Gramley, 151 F.3d 739, 741 (7th Cir. 1998).

Here, likewise, Plaintiff's unsupported and pejorative characterization of Time's conduct ("unscrupulous business practice . . . violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.") (*see* paragraph 7 of Count III of Plaintiff's Complaint) similarly should be ignored in ruling upon Time's 12(b)(6) motion.

Plaintiff has failed to allege facts to substantiate the standard articulated in Robinson of an "immoral, unethical, oppressive or unscrupulous" business practice. Plaintiff also has not alleged facts to substantiate a "substantial injury" from the receipt of a single fax. Because of these defects, the Court should dismiss Plaintiff's ICFA claim as set forth in Count III of the Complaint.

- 8 -

V. <u>Conclusion.</u>

For all of the aforementioned reasons, Plaintiff's claims in Counts I through III of the Complaint are legally deficient and should be dismissed pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

                                        Respectfully submitted,

                                        **s/ William G. Beatty**
                                        William G. Beatty Bar Number: 03121542
                                        Attorney for Defendant
                                            Time Insurance Company
                                        Of counsel
                                        Johnson & Bell, Ltd.
                                        33 West Monroe Street, Suite 2700
                                        Chicago, IL 60603
                                        Telephone: (312) 372-0770
                                        Fax: (312) 372-2881
                                        E-mail: beattyw@jbltd.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

        **s/ William G. Beatty**
        William G. Beatty Bar Number:  03121542
        Attorney for Defendant
            Time Insurance Company
        Of counsel
        Johnson & Bell, Ltd.
        33 West Monroe Street, Suite 2700
        Chicago, IL 60603
        Telephone:  (312) 372-0770
        Fax:  (312) 372-2881
        E-mail:  beattyw@jbltd.com