IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
21ST JUDICIAL CIRCUIT, STATE OF MISSOURI

FILED
AUG 1 3 2002
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

MICRO ENGINEERING, INC., ET AL.,

Plaintiffs,

vs.

~~NACM ST. LOUIS GATEWAY REGION,~~
ST. LOUIS ASSOCIATION OF CREDIT
MANAGEMENT, INC.,

Defendant.

Cause No. 02AC-008238 X CV

Div. 39

## ORDER

This matter came before the Court on August 13, 2002 on Defendant's Motion to Dismiss or in the alternative, Motion to Strike. Plaintiffs filed suit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging they were sent unsolicited advertisements via facsimile by Defendant. Defendant argues that the TCPA provisions restricting unsolicited facsimile advertisements violates First Amendment principles of free speech, citing Missouri v. Am Blast Fax, Inc., 196 F. Supp. 2d 920 (E.D. Mo. 2002) (hereinafter "ABF").[1] Defendant also argues that two of the alleged faxes do not constitute "unsolicited advertisements" as defined by the statute.

As a preliminary matter, this Court is not bound by decisions of federal trial courts. Reynolds v. Diamond Foods & Poultry, Inc., -- S.W.3d --, note 4, No. SC84433 (Mo. Banc, July 23, 2002) (overruling Fox v. McDonnell Douglas Corp., 890 S.W.2d 408, 410 (Mo. App. 1995)). This Court has previously discussed the ABF decision, and found its analysis unpersuasive. Clean Carton Co., Inc. v. Constellation 3D, Inc., (order denying motion to dismiss based on Missouri v. ABF), No.

---

1. That decision has been appealed to the Eighth Circuit Court of Appeals by both Attorney General Nixon and the U.S. Department of Justice.

-1-

Obtained from
TCPALAW.COM
The leading source for TCPA legal research

Copyright © 2008.  No claim to text of U.S. Government works. This file is property of TCPALaw.com. Acquisition and use of this document is subject to subscriber agreement. All rights reserved. Contact subscriptions@TCPALaw.com for more information.

01AC-029591 (Div 39) (Mo. Cir. Ct., June 25, 2002);. Nothing has changed in that regard. Rather than merely follow the ABF decision as suggested by Defendant, the weight of persuasive contra authority requires an independent assessment of the constitutional question.

This Court has had the opportunity to address this precise question several times. Clean Carton Co., Inc. v. Constellation 3D, Inc., (order denying motion to dismiss based on Missouri v. ABF), No. 01AC-029591 (Div 39) (Mo. Cir. Ct., June 25, 2002); Rhone v. Olympic Comm., Inc., No.: 01AC-002887 (Div 39) (Mo. Cir. May 14, 2002); Brentwood Travel Serv., Inc. v. Ewing, No 01AC-022171 (Div. 39) (Mo. Cir. Ct., Apr. 30, 2002) Zeid v. The Reding Law Firm, P.C., No. 01AC-013005 (Div. 39) Cir. Ct. Mo., March 19, 2002); Coleman v. ABF, No. 00AC-005196 (Div. 32) (Mo. Cir. Ct. Oct. 12, 2000). Those previous orders set out ample analysis of this question, and nothing has be presented by this defendant to cause the Court to reach a different conclusion this time. "Although it is common to place the burden upon the Government to justify impingements on First Amendment interests, it is the obligation of the person desiring to engage in assertedly expressive conduct to demonstrate that the First Amendment even applies." Clark v. Community for Creative Non-violence, 468 U.S. 288, note 5 (1984) (overnight camping prohibition not a First Amendment violation). Defendant has not met that obligation. Using another person's fax machine, paper, and toner without their permission is theft and a trespass – not a speech right. There is no speech restriction here that requires First Amendment scrutiny.

Defendant's argument that the TCPA is an impermissible restriction on free speech can only be based on a perceived right to use another person's fax machine, paper, and toner, all without permission of the property owner. To make this a speech case, is to insist on a right to use someone else's paper, ink, and printing press to print your message, all without the permission of the owner of that printing press. "The First Amendment is not a license to trespass, to steal, or to intrude by

Obtained from
TCPALAW.COM
The leading source for TCPA legal research

Copyright © 2008. No claim to text of U.S. Government works. This file is property of TCPALaw.com. Acquisition and use of this document is subject to subscriber agreement. All rights reserved. Contact subscriptions@TCPALaw.com for more information.

electronic means into the precincts of another person's home or office." Dietmann v. Time, Inc., 449 F.2d 245, 249 (9th Cir. 1971); "[I]t is untenable that conduct such as vandalism is protected by the First Amendment merely because those engaged in such conduct intend thereby to express an idea." In re Michael M., 86 Cal.App.4th 718, 729 citing Texas v. Johnson, (1989) 491 U.S. 397, 404; See, also, State v. Mortimer, 641 A.2d 257 (N.J. 1994) (free speech protection was lost when defendants delivered their message through defacement of private property); State v. Nye, 943 P.2d 96, 101 (1997) (no right to put bumper stickers on other people's cars without their permission).

"It has never been deemed an abridgement of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed." Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 507 (1949). Sending unsolicited facsimile advertisements without the recipient's permission is simply not a form of conduct protected by the First Amendment, any more than graffiti on someone else's property is protected speech.

**Definition of Unsolicited Advertisement**

Defendant next argues that two of the faxes at issue do not constitute an "unsolicited advertisement" as defined by the statute. That definition is "any material advertising the commercial availability or quality of any property, goods, or services." 47 U.S.C. § 227(a)(4). Defendant argues that "[a] facsimile which does not attempt to sell any property, goods or services and only advises a party of an opportunity in which they may partake is not an "advertisement" as defined under the TCPA." Def. Mtn. at ¶ 16. This interpretation misreads the statute. The statute does not require that the property, goods or services being mentioned must be "for sale" as Defendant' argues.

While a court can not adopt a construction of a statue that is contrary to its plain language, the TCPA is a remedial consumer protection statute and "should be liberally construed and


Obtained from
TCPALAW.COM
The leading source for TCPA legal research

Copyright © 2008. No claim to text of U.S. Government works. This file is property of TCPALaw.com. Acquisition and use of this document is subject to subscriber agreement. All rights reserved. Contact subscriptions@TCPALaw.com for more information.

interpreted (when that is possible) in a manner tending to discourage attempted evasions by wrongdoers." Scarborough v. Atlantic Coast Line R. Co., 178 F.2d 253, 258 (4th Cir. 1950). Exemptions from provisions of remedial statutes "are to be construed narrowly to limit exemption eligibility." Hogar v. Suarez-Medina, 36 F3d 177, 182 (1st Cir 1994). See, e.g., the very first paragraph of the Missouri Revised Statues, which requires "all acts of the general assembly, or laws, shall be liberally construed, so as to effectuate the true intent and meaning thereof." RSMo.§ 1.010. Defendant's fax is an advertisement of Defendant's services that the "true intent and meaning" of the TCPA addresses.

So is this material "advertising?" Webster's dictionary defines "advertise" as "to make something known to : notify." This is a pristine example of where the application of the time honored "duck test" is appropriate - "If it walks like a duck, quacks like a duck, and looks like a duck, then it's a duck." BMC Industries, Inc. v. Barth Industries, Inc., 160 F.3d 1322, 1337 (11th Cir., 1998). These faxes clearly do "announce" the luncheons Defendant offers. It is clear that such professional functions are offered as a service, albeit ostensibly a free service. It is clear also, that the luncheon consists of a meal. Again, ostensibly free, but "property, goods or service" clearly encompasses the concept of a meal. The fax plainly states that NACM provides services to the "credit and financial professional." Indeed, these types of luncheon seminars are themselves a service. Also prominently advertised on the fax is Defendant's web site. This web site is a service. Harjoe v. Colonial Life & Accident Ins. Co., No 01AC-11555, slop op. at 3, (Div. 35) (Mo. Cir. Ct., May 2, 2002 currently before Div 45 on Motion for Trial De Novo of defendant ).

## CONCLUSION

Defendant's motion to Dismiss and Motion to Strike is DENIED.

IT IS SO ORDERED.

Obtained from
**TCPALAW.COM**
The leading source for TCPA legal research

Copyright © 2008.  No claim to text of U.S. Government works. This file is property of TCPALaw.com. Acquisition and use of this document is subject to subscriber agreement. All rights reserved. Contact subscriptions@TCPALaw.com for more information.

This the 13 day of August, 2002.

_____
Judge Patrick Clifford, Division 39

Obtained from
**TCPALAW.COM**
The leading source for TCPA legal research

Copyright © 2008.  No claim to text of U.S. Government works. This file is property of TCPALaw.com. Acquisition and use of this document is subject to subscriber agreement. All rights reserved. Contact subscriptions@TCPALaw.com for more information.