*Harjoe v. Colonial Life & Accident Ins. Co.*, 2002 TCPA Rep. 1065 (Mo. Cir. Aug. 29, 2002)

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

DAVID L. HARJOE, Plaintiff,

v.

COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, Defendant

**Cause No.:02 CC - 001983
Division 45
Decided August 29, 2002**

NOTICE: The rules of some jurisdictions may impose limitations on the use of materials not designated for publication in certain officially sanctioned reporters. Consult the rules of the applicable jurisdiction regarding use and citation of this opinion.

**RESULT:**

Plaintiff's motion for summary judgment granted and defendant's motion for summary judgment denied.

**SYNOPSIS:**

On a trial de novo after a decision in favor of plaintiff in the court below, the parties each moved for summary judgment on stipulated facts. The court held that there is no requirement that to be covered by the TCPA, that the goods or services advertised in a fax actually must be for sale to the recipient. The court also held that an Internet website, listed on the fax, is a service under the TCPA. Summary judgment was granted to plaintiff.

**SUBSEQUENT HISTORY:**

**PRIOR HISTORY:**

*Harjoe v. Colonial Life & Accident Ins. Co.*, 2002 TCPA Rep. 1064 (Mo. Cir. May 2, 2002)

**APPEARANCES:**

Max Margulis, Margulis Law Group, Chesterfield Missouri for plaintiff.

Robert J Golterman, Lewis Rice and Fingersh LC, St. Louis, Missouri for defendant.

**JUDGES:**

Sidney Chaffin, Judge.

**HOLDINGS:**

[1] **Unsolicited Advertisement**

There is no requirement that to be covered by the statute, that the goods or services advertised actually must be for sale to the recipient.

[2] **Remedial/Penal nature**

An interpretation that the goods or services must be for sale to the recipient is overly strict – especially considering the remedial nature of the statute.

[3] **Unsolicited Advertisement**

To fall within the ambit of the TCPA, an unsolicited fax need only notify or announce to a recipient, the commercial availability of any property, goods, or services, or

make qualitative statements about them.

### [☞4] Unsolicited Advertisement

An Internet website, listed on the fax, is also a service within the TCPA.

**OPINION:**

ORDER AND JUDGMENT

[*1] This matter came before the Court on August 29, 2002 on Plaintiff's Motion to for Summary Judgment and Defendant's cross Motion for Summary Judgment. This is an action originally brought by Plaintiff in the Associate Circuit Division, against Colonial Life & Accident Insurance Company ("Colonial"), alleging transmission of an unsolicited advertisement via facsimile in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Judgment was rendered against Defendant on May 2, 2002 by Division 35, and Defendant sought a trial de novo in this Court.

The parties have stipulated to a set of facts which establish the relevant elements of the cause of action. At all times relevant, Plaintiff had telephone facsimile service at the facsimile telephone number of (314) 878-7277. On March 28, 2000 Defendant sent a facsimile transmission to and received by Plaintiff at (314) 878-7277, and Defendant did not obtain prior express invitation or permission to send the fax to Plaintiff. Defendant knew it was sending the fax, and was fully aware of the content of the fax. The fax at issue was not sent as a result of any accident or mistaken act.

The Missouri Supreme Court reaffirmed the standard under which a summary judgment [*2] should be entered in favor of the moving party in a lawsuit, in *ITT Commercial Finance Corp. v. Mid-American Marine Supply Corp.*, 854 S.W.2d 371, (Mo. banc 1993). In so defining, the Court stated:

If the non-movant cannot contradict a showing of the movant, **judgment is properly entered against the non-movant because the movant has already established a right to judgment as a matter of law.**

*ITT*, 854 S.W.2d at 381 (emphasis added). Further, a defendant cannot rely on pleadings of ultimate facts when confronted with a Motion for Summary Judgment. *Snowden v. Northwest Missouri State University*, 624 S.W.2d 161, 169 (Mo.App. 1981). In such a case, summary judgment, if appropriate, will be entered against the non-moving party. Rule 74.04(c)(3); *Charity v. City of Haiti Heights*, 563 S.W.2d 72, 75 (Mo. banc 1978).

### Elements of the Telephone Consumer Protection Act.

The elements of an unsolicited fax advertisement claim under the TCPA are that a person 1) uses a telephone facsimile machine, computer, or other device 2) to send an unsolicited advertisement. The stipulated facts establish nearly all the elements of Plaintiff's claim, with the only question remaining being whether the fax at issue contains "material advertising the commercial availability of any property goods, or services." 47 U.S.C. § 227(a)(4). Defendant describes the fax as merely "announcing employment opportunities" while Plaintiff argues that the fax advertises Defendant's company and the services it offers, such as its website. Plaintiff also argues that the fax is a qualitative statement about Defendant's services. The only question is whether or not the facsimile contains an "unsolicited advertisement" subject to the statute.

### Definition of "unsolicited advertisement"

The statutory definition of "unsolicited advertisement" at 47 U.S.C. § 227(a)(4) is:

(4) The term ``unsolicited advertisement" means any material advertising the [*3] commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission.

Whether the fax at issue meets this definition is ultimately one of statutory

construction. With any question of construction, the nature of the statute plays a role in that construction. While criminal statutes invoke the rule of lenity, remedial statues "should be liberally construed and interpreted (when that is possible) in a manner tending to discourage attempted evasions by wrongdoers." *Scarborough v. Atlantic Coast Line R. Co.*, 178 F.2d 253, 258 (4th Cir. 1950). Exemptions from provisions of remedial statutes "are to be construed narrowly to limit exemption eligibility." *Hogar v. Suarez-Medina*, 36 F3d 177, 182 (1st Cir 1994). *See, e.g.*, the very first paragraph of the Missouri Revised Statues, which requires "all acts of the general assembly, or laws, shall be liberally construed, so as to effectuate the true intent and meaning thereof." RSMo.§ 1.010.

Defendant argues that nothing is being offered "for sale" by the faxes. [1] But there is no requirement that to be covered by the statute, that the goods or services advertised actually must be for sale to the recipient. They only have to be "advertised." Indeed, we commonly see advertisements for "free" goods and services, often given away at no charge to secure customer goodwill or brand recognition, as a loss leader to generate sales of other goods or services, or just to obtain contact information for potential new customers. Webster's dictionary defines "advertise" as "to make something known to : notify" and this is the proper construction of that term as used in the TCPA. [2] Defendant's interpretation that the goods or services must be for sale to the recipient is overly strict - especially considering the remedial nature of the statute. [3] To fall within the ambit of the TCPA, an unsolicited fax need only notify or announce to a recipient, the commercial availability of any property, goods, or services, or make qualitative statements about them. Defendant is clearly engaged in a commercial insurance business, and the fax in question does notify the recipient about [*4] the existence of Defendant's insurance wares and their commercial availability.

**Defendant's web site is a service.**

[4] The Court also agrees with Plaintiff that Defendant's Internet website, listed on the fax, is also a service within the TCPA. If Defendant's argument were correct that the referral of the reader of a fax to Defendant's web site is not an advertisement under the TCPA, **any** fax advertiser could escape the TCPA by putting all the sales pitches on a web site, and broadcast millions of faxes with merely a logo and a web site address. This type of subterfuge would permit easy evasion of the law. A foundational rule of statutory construction, construing a statute broadly for the public benefit, is "to suppress subtle inventions and evasions for continuance of the mischief." *Cummins v. Kansas City Public Service Co.*, 334 Mo. 672, 698-99 (Mo. banc 1933). In this case, the mischief is unsolicited faxes promoting the goods and services of commercial enterprises like Defendant.

## CONCLUSION

Plaintiff's Motion is GRANTED. Defendant's Motion is denied. Plaintiff shall have and recover from Defendant Colonial Life & Accident Insurance Company, judgment in the amount of $ 750 plus court costs.

It is SO ORDERED, this the 29th day of August, 2002

/s/ Sidney Chaffin

Judge Sidney Chaffin

Division 45

# # #

Printed on Friday, February 08, 2008.

Copyright © 2007. No claim to text of U.S. Government works. This file is property of TCPALaw.com. Acquisition and use of this document is subject to subscriber agreement. All rights

reserved. Contact subscriptions@TCPALaw.com for more information.