WGB/lmm/Doc#1806356-v2                                                                                    6975-07013

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. GREEN, Individually and as the representative of a class of similarly-situated persons,<br><br>       Plaintiff,<br><br>v.<br><br>TIME INSURANCE COMPANY,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Court No. 1:08-cv-00194<br>)<br>) Judge Norgle<br>) Magistrate Judge Keys<br>) |

## REPLY BRIEF IN SUPPORT OF THE MOTION OF DEFENDANT, TIME INSURANCE COMPANY, TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

In its opening brief, Time Insurance Company ("Time") demonstrated that a party may utilize facsimile communications to advertise employment opportunities without violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). This legal principle is fatal to Plaintiff's Complaint. Unlike the cases cited by Plaintiff in his response brief, the fax at issue in this case did not offer to sell Plaintiff anything. Indeed, the fax did not identify even a single insurance product or service offered for sale by Time. The facsimile that Time allegedly sent to Plaintiff advertised a *work opportunity* – the opportunity to become a sales agent for Time. This was not the commercial advertisement of "property, goods, or services" under the TCPA. Because the fax transmission that is the subject of this lawsuit is not actionable under the TCPA, Plaintiff has failed to state a claim upon which relief can be granted and this Court should dismiss the Complaint.

I.  **THE TCPA ALLOWS ADVERTISEMENT OF WORK OPPORTUNITIES.**

Lutz Appellate Services, Inc. v. Curry, 859 F. Supp. 180 (E.D. Pa. 1994), established that the TCPA does not prohibit the use of a facsimile transmission to advertise work opportunities. In its response brief, Plaintiff suggests that Lutz was wrongly decided. (Pls.' Br. 7-8.) Not so. In the Federal Communications Commission (the "Commission") order cited by Plaintiff at page 3 of its brief,[1] the Commission held that "a notice soliciting bid proposals on a construction project would not be subject to the facsimile advertising prohibition, provided the notice does not otherwise contain offers for products, goods, and services." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 21 F.C.C.R. 3787, at 3813 (April 6, 2006) (the "2006 Order"). In reaching this result, the Commission implicitly recognized that the TCPA allows a party to advertise work opportunities.

Federal courts through the country, including the Northern District of Illinois, have followed Lutz and held that a fax transmission that seeks to obtain (rather than advertise the commercial availability of) services does not constitute the type of "unsolicited advertisement" prohibited by the TCPA. (See Phillips Randolph Enterprises, LLC v. Adler-Weiner Research Chicago, Inc., 2007 U.S. Dist. LEXIS 7334 (N.D. Ill. 2007); Ameriguard, Inc. v. University of Kansas Medical Center Research Institute, Inc., 2006 U.S. Dist. LEXIS 42552 (W.D. Mo. 2006).)

Time's fax consisted only of a solicitation of an agency relationship with the recipient. Therefore, the fax in question falls outside of the scope of the TCPA and Plaintiff's claim of an alleged violation of the TCPA should be dismissed.

---

[1] Plaintiff cites to the 2006 Order because it holds that a party cannot send a list of products for sale to a potential broker of those products. In the case at bar, however, the fax did not list or otherwise identify any insurance product that is offered for sale by Defendant.

II.	THE AUTHORITIES CITED BY PLAINTIFF ARE INAPPOSITE.

None of the cases cited by Plaintiff are persuasive. In <u>Rudgayzer & Gratt v. Enine, Inc.</u>, 4 Misc.3d 4, 779 N.Y.S.2d 882 (2004) (Pls.' Br. At 5), defendant solicited the recipient's purchase of a stock by making a "strong buy" recommendation and listing "Reasons To Own The Stock" <u>Id.</u> at p.885. Similarly, in <u>Schumacher Financial Services, Inc. v. Steckelberg</u>, 2003 TCPA Rep. 1236 (Mo. Cir. Ct. 2003), the sender solicited the recipient to purchase services from the sender by offering to send a free report that detailed those services. Likewise, in <u>Micro Engineering, Inc. v. St. Louis Association of Credit Management, Inc.</u>, 2002 TCPA Rep. 1080 (Mo. Cir. Ct. 2002), the sender offered "free" luncheon seminars to the recipients at which the sender's services for the "credit and financial profession" would be offered. In marked contrast to each of these cases, Time made no attempt to sell anything to Plaintiff and Time did not advertise "property, goods or services." Rather, the fax invited the recipient to establish a business relationship with the sender (<i>i.e.</i> that of a Direct General Agent).

Plaintiff's last case is <u>Harjoe v. Colonial Life & Accident Ins. Co.</u>, 2002 TCPA Rep. 1065 (Mo. Cir. Ct. 2002). In <u>Harjoe</u> the court ruled that an insurer violated the TCPA because its fax advertisement notified the recipient of the sender's "insurance wares and their commercial availability" as well as the sender's internet website. However, because the court does not identify the content of the facsimile, it is difficult (if not impossible) to apply the holding of the <u>Harjoe</u> court to the facts before this Court.

Moreover, to the extent that <u>Harjoe</u> stands for the proposition that even incidental advertising spoils a communication that would otherwise be permitted under the TCPA, this holding was effectively rejected by the Commission in its 2006 Order. In the 2006 Order, the Commission ruled it was important to look at the primary purpose of the facsimile

communication and that an incidental advertisement "does not convert the entire communication into an advertisement." 21 F.C.C.R. at 3814. For example:

> "A trade association's newsletter sent via facsimile would not constitute an unsolicited advertisement, so long as the newsletter's primary purpose is informational, rather than to promote commercial products. . . [and] a reference to a commercial entity does not by itself make a message a commercial message. For example, a company logo or business slogan found on an account statement would not convert the communication into an advertisement, so long as the primary purpose of the communication is, for example, to relay account information to the fax recipient." *Id.*

Here, the primary purpose of the facsimile attached to Plaintiff's Complaint was to invite Plaintiff to form a business relationship with Time. Such a transmission is allowed under the TCPA. Of course, Time must have products to sell in order for the invitation to an agency relationship to be meaningful, but the advertisement of openings in Time's sales force is no more an advertisement of its property, goods or services than the job opportunity that was the subject of the fax in the Lutz case, *supra*.[2] The primary purpose of the fax in this case, as well as that in the Lutz case, was to <u>obtain</u> the services of another, and neither fax offered the commercial availability of the sender's products or services.

## **CONCLUSION**

For the reasons set forth above and in its initial brief, Plaintiff's Complaint fails to state a claim under the TCPA and should be dismissed.

---

[2] While Plaintiff may contend that Time touted its underwriting abilities in the fax that Plaintiff claims was sent to the Tiffany Insurance Agency, there was no actual advertisement of the commercial availability of Time's underwriting services, either to the recipient of the fax or to anyone else, since such services are simply not for sale to others.

- 5 -

Respectfully submitted,

**s/ William G. Beatty**
William G. Beatty Bar Number: 03121542
Attorney for Defendant
   Time Insurance Company
Of counsel
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-2881
E-mail: beattyw@jbltd.com

## CERTIFICATE OF SERVICE

    I hereby certify that on February 22, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                  **s/ William G. Beatty**
                                  William G. Beatty Bar Number:  03121542
                                  Attorney for Defendant
                                        Time Insurance Company
                                  Of counsel
                                  Johnson & Bell, Ltd.
                                  33 West Monroe Street, Suite 2700
                                  Chicago, IL 60603
                                  Telephone:  (312) 372-0770
                                  Fax:  (312) 372-2881
                                  E-mail:  beattyw@jbltd.com