

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT A. GREEN, individually and as )
the representative of a class of similarly- )
situated persons, ) 08 C 194
 )
      Plaintiff, )
 )
v. ) Hon. Charles R. Norgle
 )
TIME INSURANCE COMPANY, )
 )
      Defendant. )

## MEMORANDUM OPINION

CHARLES R. NORGLE, District Judge

Before the Court is Defendant's Motion to Dismiss Plaintiff's Class Action Complaint. For the following reasons, the Motion is denied.

### I. BACKGROUND

#### A. Facts

Plaintiff Robert A. Green ("Green") alleges that on or about October 9, 2007, Defendant Time Insurance Company ("Time") faxed him an advertisement (the "Fax") that he had not requested or authorized. Time does not deny that it sent the Fax to Green.

The first page of the Fax reads in part:

The Direct General Agent contract is by far the most lucrative contract available when contracting with Assurant Health/Time Insurance. It gives you the opportunity for bonus programs & rewards not available to writing agents, like the availability of up to a 25% contract (29% w/Life) along with bonuses. Most important, it gives you the Ownership rights of the business written. We also have the ability to advance your commissions and pay you weekly (industry first) if requested.
I've included a General Agent Contract which you can fill out and fax back to me

1

> with a copy of your insurance license to 630-321-2206, at your convenience. We're an A rated company that's been doing business for over 115 years. Our underwriting is second to none, with Express Yes Instant Issue and printable temp ID cards along w/Express Underwriting – 17 question on-line application. This allows you to write more business and get paid faster. We also set up a Free Web Page to help you grow your business and offer bi-weekly product training.
> Please call me with any questions or fax your contract back to me.

Pl.'s Class Action Compl., Ex. A.

Apparently aware that sending unsolicited and unauthorized fax advertisements is prohibited by federal law, Time included the following attempt at a disclaimer on the first page of the Fax: "This is not an advertisement. We are not soliciting you to purchase any property, good or service. This information impacts your existing professional relationship with us, or is inviting you to establish a professional relationship with us." Id.

The remaining three pages of the Fax contain a General Agent Sales Agreement pursuant to which Green could agree to sell Time's insurance products. Green alleges that Time sent the Fax, or a similar fax, to more than thirty-nine other unwilling recipients.

## B. Procedural History

Green filed his three Count Class Action Complaint (the "Complaint") in the Circuit Court of Cook County, Illinois on December 11, 2007. Count I alleges a violation of the federal Telephone Consumer Protection Act, 42 U.S.C. § 227; Count II alleges Conversion under Illinois law; Count III alleges a violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILL. COMP. STAT. 505/2. On January 9, 2008, the Circuit Court granted Green's motion to voluntarily dismiss Defendant Assurant, Inc., leaving Time as the only remaining Defendant.

On January 9, 2008, Time removed the case to the Northern District of Illinois. Green voluntarily dismissed Counts II and III of the Complaint on January 14, 2008. The next day,

2

Time filed the instant Motion to Dismiss as to all three Counts. In what seems to be a last-minute footnote added to Time's Memorandum in Support of its Motion to Dismiss, Time explained that its Motion to Dismiss was moot as to Counts II and III in light of Green's voluntary dismissal of those Counts. The Court therefore denied as moot Time's Motion to Dismiss as to Counts II and III. Minute Order of January 15, 2008.

At this point, the District Court's electronic docketing system apparently mistook the Court's January 15, 2008 Minute Order as dispositive of Time's entire Motion to Dismiss, and removed the Motion from the Court's pending motions list. This was not modern technology's finest moment. The Motion to Dismiss has therefore been essentially invisible to the Court since then. Green, in his Motion to Set Preliminary Conference, gently reminded the Court that the Motion to Dismiss has been fully briefed for some time, and is ripe for adjudication with respect to Count I. After reviewing the docket, the Court agrees.

## II. DISCUSSION

### A. Standard of Decision

Time's Motion to Dismiss is filed pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). In deciding a Rule 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); see Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993) (the Federal Rules of Civil Procedure allow for a liberal system of

3

notice pleading); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (a complaint must only include "fair notice of what the plaintiff's claim is and the grounds upon which it rests"); Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002) ("A complaint need only state the nature of the claim, details can wait for later stages"). When reviewing a motion to dismiss under Rule 12(b)(6), the court therefore merely looks at the sufficiency of the complaint, Swierkiewicz, 534 U.S. at 508; Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001), it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chicago, 230 F.3d 319, 323-26 (7th Cir. 2000) (analyzing Leatherman, 507 U.S. 163, and reversing the Rule 12(b)(6) dismissal of claims based on §§ 1981 & 1983).

The court recognizes, however, that the "old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the Bell Atlantic decision." Limestone Dev. Corp. v. Vill. of Lamont, 520 F.3d 797, 803 (7th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007)). Following Bell Atlantic, a complaint will survive a motion to dismiss only when the complaint "contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." Limestone Dev. Corp., 520 F.3d at 802-03. The Seventh Circuit has indicated, though, that "Bell Atlantic must not be overread." Id. at 803. Although Bell Atlantic added a plausibility test to the old notice-pleading standard in federal courts, the Supreme Court and the Seventh Circuit have reaffirmed that under Rule 8 "'[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)). The Seventh Circuit has recently characterized two "easy-to-clear hurdles" that must now be

4

overcome for a complaint to survive a 12(b)(6) motion to dismiss. E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (interpreting Bell Atlantic). First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which the claim rests. Id. Second, the allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a "speculative level;" if they do not, the plaintiff pleads itself out of court. Id.

## B. Time's Motion to Dismiss

The Telephone Consumer Protection Act (the "TCPA" or the "Act"), 47 U.S.C. § 227, prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227 (b)(1)(C). The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." Id., § (a)(5). Section (b)(3) of the TCPA provides for a private cause of action based on violations of the Act.

Green alleges that the Fax sent by Time to him, and other similar faxes sent by Time to numerous other individuals, constitute violations of the TCPA. In its Motion to Dismiss, however, Time contends that the Fax was not an advertisement within the meaning of the Act, but rather an invitation to Green to establish a business relationship with Time. Time's assertion is meritless.

It is axiomatic that when interpreting a statute, a court should first look to its plain language. O'Kane v. Apfel, 224 F.3d 686, 688 (7th Cir. 2000) ("When interpreting

congressional statutes, we first look at the plain language of the statute because that is the best way to determine congressional intent."); United States v. Boyles, 57 F.3d 535, 544 (7th Cir. 1995); Welsh v. Boy Scouts of Am., 993 F.2d 1267, 1270 (7th Cir. 1993). Under the plain language of the TCPA, the Fax is clearly an "unsolicited advertisement," as it advertises the availability and quality of Time's insurance products and services. See 47 U.S.C. § 227(a)(5). The TCPA does not require that an unwanted and uninvited fax make an overt sales pitch to its recipient in order for a cause of action to exist, as Defendant incorrectly asserts. See Stonecrafters, Inc. v. Almo Distributing New York, Inc., No. 07-5105, slip op. at 2 (N.D. Ill. July 23, 2008); Sadowski v. OCO Biomedical, Inc., No. 08-3225, 2008 WL 5082992, at *3 (N.D. Ill. Nov. 25, 2008).[1] There is therefore no question that Green has pled a sufficient and plausible claim against Time under the TCPA. See Swierkiewicz, 534 U.S. at 512; Concentra Health Serv., Inc., 496 F.3d at 776.

### III. CONCLUSION

For the foregoing reasons, Time's Motion to Dismiss is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

Dated: June 12, 2009

---

[1] The Court notes that because an express sales offer is not a requirement of a cause of action under the TCPA, Time's attempt to insert language into the Fax disclaiming liability under the Act fails.

6